UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BUMB,<br><br>        Plaintiff,<br><br>    v.<br><br>STEVEN GOBIN,<br><br>        Defendant. | Case No. 25-cv-04729-SVK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

Before the Court is Defendant Steven Gobin's Motion to Dismiss Plaintiff Timothy Bumb's Complaint for failure to state a claim. Dkt. 9 (the "Motion"). The Court finds the Motion suitable for determination without oral argument. Civil L.R. 7-1(b). Having reviewed the Parties' submissions,[1] the relevant law and the record in this action, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

I.    **BACKGROUND**

For the purposes of resolving the Motion, the Court takes the factual allegations of the Complaint as true. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (courts generally "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."). Plaintiff Timothy Bumb is a resident of California, while Defendant Steven Gobin is a resident of Idaho. *See* Compl., ¶¶ 1-2. Plaintiff alleges that, from April 2008 to August 2019, he "made a series of loans to Defendant totaling $577,400." *Id.*, ¶ 9. These were 0-interest loans, made for the purpose of assisting

---

[1] Defendant's Motion was prepared and submitted by his then-counsel, Fennemore LLP. *See* Dkt. 9. Since then, Defendant has declared that he "can no longer afford legal representation" and has "requested, and thus consented to, Fennemore's withdrawal as [his] counsel." Dkt. 25-1. On November 7, 2025, the Court conditionally granted the motion for withdrawal, subject to Fennemore's continuing acceptance of service and forwarding of papers on Defendant's behalf until he either appears *pro se* or substitutes new counsel. Dkt. 28.

Defendant in starting a business in California (where both Parties were located at the time). *Id.*, ¶¶ 9-11. However, Plaintiff alleges that the funds were not used for that purpose and were not repaid. *Id.*, ¶ 11.

After Defendant discovered that Plaintiff had not used the funds for their specified purpose, the Parties "agreed to an oral modification of the terms of repayment." *Id.*, ¶ 12. The date of this modification is not alleged, although it appears to be alleged to have consolidated the series of loans into a new "Loan Agreement." *See id.* In 2022 and 2023, Plaintiff agreed to forgive $192,400 of the outstanding debt in recognition of various services Defendant rendered to Plaintiff. *Id.*, ¶¶ 15-16. In October, 2024, Plaintiff alleges that he "exercised his right under the Loan Agreement and demanded Defendant make immediate and full repayment," after which Defendant failed to repay any of the loans and was in breach of the Loan Agreement. *Id.*, ¶ 17. On June 7, 2025, after two further demands, Plaintiff filed this action. *See id.*, ¶ 18 and p. 5.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a district court to dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). Courts generally "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek*, 519 F.3d at 1031. However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Furthermore, Plaintiffs "generally need not plead around affirmative defenses." *Ploof v. Arizona*, No. 22-15061, 2023 WL 2929314, at *1 (9th Cir. Apr. 13, 2023). However, affirmative defenses may be raised and adjudicated when "the defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). A complaint "may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations … [only] when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon*

|   |   |
|---|---|
| 1 | *Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).  Similarly, "courts have found that |
| 2 | where a Plaintiff pleads an oral contract, it may be addressed in a Rule 12(b)(6) |
| 3 | motion."  *Cosmonova, LLC v. BioFilm, Inc.*, 763 F. Supp. 3d 1157, 1166 (S.D. Cal. 2025). |

1  *Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).  Similarly, "courts have found that
2  where a Plaintiff pleads an oral contract, it may be addressed in a Rule 12(b)(6)
3  motion."  *Cosmonova, LLC v. BioFilm, Inc.*, 763 F. Supp. 3d 1157, 1166 (S.D. Cal. 2025).

### III. DISCUSSION

As an initial matter, the Court clarifies how it reads the Complaint.  Plaintiff has alleged three causes of action, titled "Breach of Oral Agreement," "Money Lent" and "Unjust Enrichment."  *See* Compl., First, Second and Third Causes of Action, respectively.  The causes of action do not, however, distinguish between the two types of loans at issue here:  (a) the "series of nine loans" from April 2008 to August 2019 and (b) the "oral agreement (the 'Loan Agreement')" into which Plaintiff alleges the Parties subsequently entered.  *Id.*, ¶¶ 18-19, ¶ 23 (relying on both "the outstanding loans" and "the Loan Agreement" for the first cause of action;  simply pleading the total outstanding sum of $385,000 for the second cause of action;  and pleading restitution based on "the benefits wrongly retained by Defendant" for the third cause of action).  Defendant moves to dismiss the Complaint on the grounds (a) enforcement of the series of loans is barred by the statute of limitations and (b) enforcement of the Loan Agreement is barred both by the statute of limitations and statute of frauds.  Dkt. 9 at 4.  In short, the issues raised in the Motion do not map neatly onto the three "claims" pleaded in the Complaint.

The Court may "ignore [e]rroneous or confusing labels ... if the complaint pleads facts which would entitle the plaintiff to relief."  *Qwest Commc'ns Corp. v. Herakles, LLC*, No. 2:07-CV-00393MCEKJM, 2008 WL 783347, at *12 (E.D. Cal. Mar. 20, 2008) (noting that "[u]njust enrichment is not a cause of action ... or even a remedy, but rather 'a general principle, underlying various legal doctrines and remedies…'" but nonetheless finding "several potential bases for a cause of action seeking [such] restitution.").  This is "consistent with the liberal pleading standards embodied in Rule 8.  A pleading, according to the liberal concepts of Rule 8, is to be judged by its substance rather than by its form or label."  *Id.* (internal quotations omitted) (citing, *inter alia*, *In re Blewett*, 14 B.R. 840, 842 (9th Cir. 1981)).  Accordingly, the Court reads the Complaint as follows:

- The first cause of action, "Breach of Oral Agreement," *i.e.*, breach of contract, is

3

actually two causes of action, because each separate contract and breach thereof may give rise to a separate breach of contract claim. *See Baker v. BDO Seidman, L.L.P.*, 390 F. Supp. 2d 919, 924 (N.D. Cal. 2005) ("It should be noted that, in California, courts have expressly held that each breach of contract should be considered a separate cause of action." (citing 4 Witkin Cal. Proc. Plead. § 53 ("Separate breaches create separate causes of action."))). Accordingly, there are potentially claims for: (1) breach of the initial series of nine loan agreements[2] and (2) breach of the Loan Agreement, *i.e.* the consolidated loan after oral modification.

- The second cause of action, "Money Lent," "is one of the common counts." *Rubinstein v. Fakheri*, 49 Cal. App. 5th 797, 809 (2020). "Under California law, 'common counts' are general pleadings that seek to recover money owed without necessarily specifying the nature of the claim." *Etchegaray Farms, LLC v. Lehr Bros., Inc.*, 326 F. Supp. 3d 987, 993 (E.D. Cal. 2018). Common counts permit "a plaintiff to recover money that, under the circumstances, the defendant should be required to repay to avoid inequity." *Rubinstein*, 49 Cal. App. 5th 797, 809 (2020). So, this cause of action is a general pleading concerned with the total sum of money lent that remains outstanding, regardless of the particular loan it originates from. *Cf., generally, id.* (explaining the function of a claim for Money Lent).

- The third cause of action, "Unjust Enrichment," "is not a cause of action ... or even a remedy, but rather 'a general principle, underlying various legal doctrines and remedies …. It is synonymous with restitution." *Qwest Commc'ns Corp. v. Herakles, LLC*, 2008 WL 783347, at *12. However, it may rest on various theories, such as

    > be[ing] awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason. Alternatively, restitution may be awarded where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct.

---

[2] More properly, each loan within the series may be its own contract. However, for the reasons that follow, this distinction is moot.

4

> In such cases, the plaintiff may choose not to sue in tort, but instead to seek restitution on a quasi-contract theory.

*Id.* at *13 (citing, *inter alia*, *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004)). Accordingly, the Court interprets the third cause of action as being pleaded in the alternative to the first cause of action.

The Court thus examines the Complaint according to the issues set forth in the Motion: (A) whether the statute of limitations bars recovery for any claims based on *either* the initial series of loans *or* the Loan Agreement; and (B) whether recovery based on the Loan Agreement is independently barred pursuant to the statute of frauds.

### A. The Statute of Limitations Bars Claims Based on the Series of Loans but Does Not Bar Claims Based on the Subsequent Loan Agreement

In California, a "cause of action for a breach of an oral contract accrues at the time of the breach, *i.e.*, when the party charged with the duty to perform under the contract fails to perform." *Zecos v. Nicholas Applegate Cap. Mgmt.*, 42 F. App'x 31, 32 (9th Cir. 2002) (citing *Cochran v. Cochran*, 56 Cal. App. 4th 1115, 1124 (1997))(emphasis added). The statute of limitations for a breach of oral agreement claim in California is two years. *See* Cal. Civ. Proc. Code § 339. The applicable statute of limitations for money lent follows Section 339 and is similarly two years for an oral agreement. *Etchegaray Farms*, 326 F. Supp. 3d at 996.

Beginning with the initial series of loans, the last of which was made in August, 2019, according to the allegations in the Complaint, the funds from these loans were to be used for a particular purpose: starting a business in California. Compl., ¶¶ 9-11. Plaintiff alleges that, at some point, he "discovered that Defendant had used the funds from the Loans for a different purpose." Compl., ¶ 11. As alleged, this is a breach of which Plaintiff was on notice - irrespective of whether and when it became apparent that no repayment from Defendant would be forthcoming. Moreover, although Plaintiff does not allege the date (or even year) in which he discovered this breach, the structure of the Complaint clearly conveys that the discovery occurred prior to 2022, when Plaintiff forgave a portion of the outstanding loans. *See id.*, ¶¶ 12-16. This time frame is confirmed by the language employed in Plaintiff's opposition, that "Plaintiff could not have discovered earlier [than the 2022 forgiveness] that Defendant was in breach of the oral

5

Loan Agreement." *See* Dkt. 12 at 11.  Thus, the only reasonable inference from the Complaint is that Plaintiff discovered this breach sometime prior to the end of 2022 and entered into the oral modification / Loan Agreement at or around that time.

Accordingly, Plaintiff was on notice of Defendant's breach of the initial series of loans no later than 2022—if not due to Defendant's non-repayment (which Plaintiff argues was not yet a breach due the various services Defendant was performing and the fact that "the parties continued to have a working relationship"), then at least due to the failure to use the funds for the agreed-upon purpose.  Thus, even on the face of the sparse temporal allegations of the Complaint, it is apparent that the statute of limitations ran for the series of loans no later than the end of 2024.  Therefore, any claims based on the initial series of loans alone are time-barred.  However, as explained in section IV, below, Plaintiff will have an opportunity to amend his pleading as to these claims.

The Court reaches a different conclusion for claims based upon the Loan Agreement.  While it appears to have been entered into by 2022, and "[w]hile it is possible that [Defendant] may ultimately prove [his] statute of limitations defense, the Court [] cannot say that 'it appears beyond doubt that the [Plaintiff] can prove no set of facts that would establish the timeliness of th[is]claim." *Yelp Inc. v. Google LLC*, No. 24-cv-06101-SVK, 2025 WL 1168900, at *9 (N.D. Cal. Apr. 22, 2025) (denying dismissal of a plaintiff's claim as time-barred where the complaint omitted allegation of the point in time at which claim accrued) (quoting *Von Saher*, 592 F.3d at 969).  For example, as alleged in the Complaint, Plaintiff may yet prove that, up until his demand in 2024, he reasonably assumed that Defendant was "using his best efforts to" repay the funds.  *See* Compl., ¶ 13.  Accordingly, the Court does not find, at this juncture, that claims based on the Loan Agreement, *i.e.*, the oral modification to the series of loans, are time-barred.

////

////

////

////

////

**B.     At the Pleading Stage, the Statute of Frauds Does Not Bar Claims Based on the Loan Agreement**

In California, the statute of frauds provides that oral agreements are invalid if they are (1) contracts to loan money in an amount greater than $100,000.00, (2) not primarily for personal, family, or household purposes and (3) made by a person engaged in the business of lending money. *See* Cal. Civ. Code § 1624(a)(7). The Parties do not dispute that the first element is met, as the Loan Agreement reaches either $577,400 or $385,000, depending on its interaction with the partial forgiveness. *E.g.*, Compl., ¶¶ 21-23; Dkt. 9 at 2. Plaintiff argues however, that as to the second element, while the initial series of loans were for business purposes, "Plaintiff knew he had been misled by Defendant when he made the oral Loan Agreement," and thus the Loan Agreement was for personal, family, or household purposes because it was a forbearance agreement among friends. Opp. at 7 (citing Compl., ¶12.)). As to the third element, Plaintiff argues that the "bare fact of repeated transfers to Defendant" made to effectuate the initial series of nine loans does not support the inference that Plaintiff was in the *business* of lending money. *Id.* at 7.

The Court need not resolve the factual disputes going to the second and third elements at this stage. Plaintiff need not plead around affirmative defenses, (*see Ploof*, 2023 WL 2929314, at *1), and reasonable inferences must be drawn in Plaintiff's favor at the pleading stage, (*Manzarek*, 519 F.3d at 1031). Accordingly, the Court cannot say, on the face of the Complaint, that the second and third elements of Section 1624(a)(7) are met. Therefore, the Court does not find, at this juncture, that claims based on the Load Agreement are barred by the Statute of Frauds, and Defendant's motion to dismiss as to this ground is denied.

**IV.    SUMMARY OF DISPOSITION OF THE MOTION TO DISMISS**

In sum, Defendant's motion to dismiss is **GRANTED IN PART with leave to amend** and **DENIED IN PART**.

The Motion is **GRANTED with leave to amend** as to any claims based solely on the initial series of loans, whether sounding in breach of contract, restitution or a common count. The Court **GRANTS** Plaintiff leave to amend his Complaint to address these claims to the extent Plaintiff can, in good faith, add factual allegations that toll the statute of limitations.

7

The Motion is **DENIED** as to any claims based on the Loan Agreement, *i.e.*, the oral modification to the initial series of loans. The claims for breach of contract, money lent, and unjust enrichment (restitution) based on the Loan Agreement may proceed.

Additionally, if Plaintiff amends his Complaint as to the claims based on the initial series of loans, he **SHALL** also amend the causes of action to clarify (1) whether each cause of action is based on the initial series of loans, the Loan Agreement, or both and (2) the theory under which he pleads unjust enrichment, including whether it is pleaded in the alternative to breach of contract.

Plaintiff's deadline to amend his Complaint shall be **December 12, 2025**.

## V. CONCLUSION

The Parties' initial case management conference is hereby **reset** for **January 13, 2025 at 9:30 a.m. via videoconference**.

Defendant has not yet appeared *pro se*. Defendant must do so **promptly** and must file his contact information with ECF to register for e-filing. *See* https://www.cand.uscourts.gov/cases-e-filing/cm-ecf/. Fennemore LLP is admonished that, pursuant to the Court's prior order, it "shall aid Mr. Gobin in registering his e-mail with the Court's electronic case filing ("ECF") system." Defendant is encouraged to seek free legal assistance from the Federal Pro Se Program located in the San Jose Courthouse. The Federal Pro Se Program will not represent him in this action but can provide basic legal assistance at no cost. He can schedule an appointment by calling (408) 297-1480 or emailing hsong@asianlawalliance.org. He can find more information about the Legal Help Center at https://cand.uscourts.gov/pro-se-litigants/. The Court also provides a free guide, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which provides instructions on how to proceed at every stage of the case, including discovery, motions and trial. He can access the guide online (https://cand.uscourts.gov/pro-se-handbook/) or in hard copy free of charge from the Clerk's Office.

**SO ORDERED.**

Dated: November 21, 2025

SUSAN VAN KEULEN
United States Magistrate Judge